AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
|  | ) Case No. 21-6334-SNOW |
| FRANKLIN ROBERTO JARAMILLO-VALDIVIEZO, | ) |
|  | ) |
|  | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 26, 2021__ in the county of __Broward__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 31, United States Code, Section 5332 | Defendant, FRANKLIN ROBERTO JARAMILLO-VALDIVIEZO, with intent to evade a currency reporting requirement under Title 31, United States Code, Section 5316, did knowingly conceal more than ten thousand dollars ($10,000.00) in United States currency, on his person and any conveyance, article of luggage, and other container, and did transport and transfer such currency from a place outside the United States to a place within the United States, in violation of Title 31, United States Code, Section 5332(a) and 2. |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT.

☒ Continued on the attached sheet.

*Complainant's signature*

Range Herring, Special Agent, HSI
*Printed name and title*

Sworn to and signed before me telephonically.

Date: May 27, 2021

*Judge's signature*

City and state:   Fort Lauderdale, Florida           Lurana S. Snow, United States Magistrate Judge
*Printed name and title*

AFFIDAVIT

I, Range Herring Jr., being duly sworn, depose and state as follows:

1. I am a Special Agent of the United States Department of Homeland Security, Homeland Security Investigations (HSI) and have been so employed since August of 2016. I am currently assigned to the Ft. Lauderdale Airport Transportation Conspiracy Unit. As a Special Agent with HSI, my duties and responsibilities include enforcing criminal and administrative immigration and customs laws of the United States. I am empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 31, Title 18, and Title 21 of the United States Code.

2. The statements contained in this affidavit are based upon my own personal knowledge, as well as information provided to me by other law enforcement officers and employees of HSI. I have not included in this Affidavit each fact and circumstance known to me, but only the facts and circumstances that I believe are sufficient to establish probable cause in support of a criminal complaint.

3. On May 26, 2021, HSI Special Agents received notification from Customs and Border Protection (CBP) that three individuals identified as FRANKLIN JARAMILLO-VALDIVIEZO (JARAMILLO-VALDIVIEZO), his mother Catalina Valdivieso-Zapata, and his sister Domenica Cueva-Valdivieso, had arrived at Fort Lauderdale/Hollywood from Quito, Ecuador on board JetBlue flight #2850, carrying large amounts of United States currency.

4. After being notified by CBP, HSI special agents went to the airport and encountered FRANKLIN JARAMILLO-VALDIVIEZO, and his mother and sister in the Customs secondary area. HSI agents conducted an inbound inspection of FRANKLIN

JARAMILLO-VALDIVIEZO, and the two females traveling with him: his sister, Domenica Cueva- Valdivieso, and his mother, Catalina Valdivieso-Zapata. FRANKLIN JARAMILLO-VALDIVIEZO was asked if he was transporting more than $10,000 in monetary instruments for himself and/or someone else. JARAMILLO-VALDIVIEZO responded that he was transporting $24,000. In baggage control secondary, JARAMILLO-VALDIVIEZO completed a FinCEN 105 monetary form, indicating he had $27,000. However, a total of $32,075 was found in JARAMILLO-VALDIVIEZO's luggage, fanny pack and backpack.

5. A search of FRANKLIN JARAMILLO-VALDIVIEZO, Domenica Cueva-Valdiviezo, Catalina Valdiviezo-Zapata and the five pieces of luggage they were travelling with, was conducted by HSI Special Agents. During the search, agents discovered approximately $49,475 in United States Currency which FRANKLIN JARAMILLO-VALDIVIEZO and his family were transporting into the United States. JARAMILLO-VALDIVIEZO had money in his fanny pack, his backpack, and his suitcase. The money was concealed in a plastic bag within the suitcase. Domenica Cueva-Valdiviezo had money in her suitcase concealed in a plastic bag. Catalina Valdiviezo-Zapata had money in her suitcase concealed in a plastic bag.

6. FRANKLIN JARAMILLO-VALDIVIEZO was interviewed by law enforcement officials. He was shown the CBP Form 6059B (Customs Declaration/Spanish) that he presented to CBP and asked if he recognized it. JARAMILLO-VALDIVIEZO confirmed it was his form and that he completed it out. JARAMILLO-VALDIVIEZO confirmed he declared $24,000 on the form. JARAMILLO-VALDIVIEZO was shown the FinCEN Form 105 he filled out after his Customs Declaration. JARAMILLO-VALDIVIEZO confirmed it was his form and that he completed it. He confirmed he declared $27,000 on this form. JARAMILLO-VALDIVIEZO

claimed the discrepancy between the two forms was because he added approximately $3,000, he had in his fanny-pack to the total. A search of JARAMILLO-VALDIVIEZO's luggage, backpack and fanny-pack earlier that day by CBP located $32,075 in U.S. currency (USD). JARAMILLO-VALDIVIEZO was asked if he knew how much U.S. currency (USD) he personally brought into the United States. He stated he was unsure of exactly how much cash he had on him because he cashed multiple checks of various denominations, but guessed it totaled approximately $30,000. JARAMILLO-VALDIVIEZO stated all of the money he and the family members he was travelling with, came from their security company's bank accounts, to which he had access.

7. Domenica Cueva-Valdivieso was interviewed by law enforcement officials. She stated that FRANKLIN JARAMILLO-VALDIVIEZO was her brother. Cueva-Valdivieso was asked how much U.S. currency (USD) she personally brought into the United States and was asked why she did not declare it to CBP Officers when she arrived. Cueva-Valdivieso stated she had exactly $10,000 in cash in a plastic bag inside her luggage. She stated she was certain she had exactly $10,000 in cash because she counted it five (5) times prior to leaving Ecuador. Cueva-Valdivieso stated she did not declare the money because she knew that she only had to declare cash if it was more than $10,000. Cueva-Valdivieso was asked if she had any additional cash anywhere else on her person or bags. She stated she had approximately $240 USD in her clutch, but this was her personal money. Cueva-Valdivieso advised law enforcement officials that the previous day (May 25, 2021), she and her brother FRANKLIN ROBERTO JARAMILLO-VALDIVIEZO went to the bank in Ecuador (Banco Pichincha) and withdrew all the cash they brought into the United States. Cueva-Valdivieso stated she was given a company

or withdrawal slip for $20,000 by her brother. She said her brother JARAMILLO-VALDIVIEZO withdrew approximately the same amount, but she was unsure of his exact amount. Cueva-Valdivieso stated she has nothing to do with the company's finances and that her brother had access to the company's bank accounts. Cueva-Valdivieso stated she took the $20,000 in cash home. After she and her mother (Carmen Valdivieso-Zapata ) packed their bags, she gave her mother exactly half of the money ($10,000) to put in her luggage. She put the remaining $10,000 in her luggage.

8. Cueva-Valdivieso was asked why they split the money between their bags. Cueva-Valdivieso stated they knew if they brought more than $10,000 in cash into the United States they had to declare it to Customs, so they split the money between them. Cueva-Valdivieso was asked to clarify who decided to split the money, and she indicated that she, her mother and her brother made the decision together.

9. Carmen Valdivieso-Zapata was questioned by law enforcement officials. She was asked who the money she was transporting belonged to. She stated the money is "our money" and that it belonged to the business which is run by her son FRANKLIN ROBERTO JARAMILLO-VALDIVIEZO. The family owned a security company in Ecuador. Valdivieso-Zapata added that her estranged husband, Franklin Hernan JARAMILLO-Altamirano was a part owner in the business. Valdivieso-Zapata stated her husband lived in Hialeah, FL, while everyone else lived in Ecuador. She added that she and her husband divorced approximately 15 years ago but have been back together for the last 10 years. Valdivieso-Zapata stated the previous day (on May 25, 2021), her daughter and son withdrew the money from the bank. She stated her daughter gave her $20,000 in cash and she gave $10,000 back to daughter so they

would both have exactly $10,000, and therefore not have to declare it to U.S. Customs. Valdivieso-Zapata stated the money found on all of them belonged to the family business.

10. The total amount of United States currency discovered during the search of FRANKLIN JARAMILLO-VALDIVIEZO, Domenica Cueva-Valdivieso, and Catalina Valdivieso-Zapata, and their luggage was approximately $49,475. The total amount of money declared by JARAMILLO-VALDIVIEZO on behalf of him and his family was $24,000.

Based on the foregoing, your Affiant submits that there is probable cause to believe that on or about May 26, 2021, that FRANKLIN ROBERTO JARAMILLO-VALDIVIEZO, committed the offense bulk cash smuggling into the United States, in violation of Title 31, United States Code, Sections 5332.

FURTHER AFFIANT SAYETH NAUGHT.

_____
RANGE E. HERRING JR.
SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS

Sworn to and subscribed /before me telephonically this 27th day of May, 2021.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

5